ORDERED.

Dated: July 19, 2021

Jerry A. Funk
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                                                                         Case No.: 3:21-bk-91-JAF

KENNETH D. ROARK,                                                                Chapter 7

    Debtor.
_____/

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This case came before the Court upon National Judgment Recovery Agency, Inc.'s ("National Judgment") Objection to Debtor's Claimed Exemptions (the "Objection to Exemptions") (Doc. 11).  On June 23, 2021, the Court conducted a trial on the Objection to Exemptions.  Upon the evidence and the applicable law, the Court makes the following Findings of Fact and Conclusions of Law.

### Findings of Fact

On January 14, 2021, the Debtor filed a Chapter 7 bankruptcy petition.  On his Schedule C, the Debtor listed his Vystar Checking and Savings Accounts (the "Vystar Account"), titled in

his and his non-debtor wife Pamela Roark's names, as exempt pursuant to 11 U.S.C. § 522(b)(3)(B). The Account is valued at $12,252.58.

On July 25, 2020, the Roarks opened the Vystar Account. The account card for the membership application requires an applicant to check a box indicating whether the account will be a savings or checking account but does not include boxes specifying a particular type of ownership, such as tenancy by the entirety, joint tenancy with right of survivorship, or tenancy in common. (Ex. 7). The account card lists Pamela Roark as a "member" and the Debtor as a "joint member."

When the Roarks opened the Vystar Account, they were given a document titled Membership and Account Agreement and Disclosures (the "Membership Agreement"). (Ex. 6). Paragraph 3a of the Membership Agreement provides: "Unless otherwise stated on the Membership Application or documented through the Credit Union's online application and authentication process, a joint account includes rights of survivorship. This means that when one (1) owner dies, all sums in the account will pass to the surviving owner(s)." (Id.)

When the Roarks opened the Vystar Account, they did not inquire as to opening an account as tenants by the entirety, and no one at Vystar discussed the various types of account ownership with the Roarks. The Debtor testified that he does not know what the terms joint tenancy with right of survivorship and tenancy by the entireties mean and had never heard the terms until he began preparing for the trial on the Objection to Exemptions. The Roarks' intent when they opened the Vystar Account was to deposit their wages in order to pay their bills. Since the Roarks opened the Vystar Account, they have been the only account owners.

On September 29, 2020, National Judgment, which holds a final judgment against the Debtor but not Pamela Roark, garnished the Vystar Account.

**Conclusions of Law**

National Judgment argues that the Vystar Account, as provided in the Membership Agreement, contains a right of survivorship and is therefore not exempt as a tenancy by the entirety.  Under Florida law, if a married couple holds property as a tenancy by the entireties,

> each spouse is said to hold it per tout, meaning that each spouse holds the whole or the entirety, and not a share, moiety, or divisible part. Thus, property held by husband and wife as tenants by the entireties belongs to neither spouse individually, but each spouse is seized of the whole.

Beal Bank, SSB v. Almand & Associates, 780 So. 2d 45, 53 (Fla. 2001) (internal quotations and citations omitted).  Consequently, if a married couple holds property as tenants by the entireties, that property cannot be reached to satisfy the debts of one spouse but can only satisfy joint debts.  In re Mathews, 360 B.R. 732, 741 (Bankr. M.D. Fla. 2007) (citing In re Daniels, 309 B.R. 54, 56 (Bankr. M.D. Fla. 2004)).

"[A]s between [a] debtor and a third-party creditor (other than the financial institution into which the deposits have been made), if the signature card of the account does not expressly disclaim the tenancy by the entireties form of ownership, a presumption arises that a bank account titled in the name of both spouses is held as a tenancy by the entireties as long as the account is established by husband and wife in accordance with the unities of possession, interest, title, and time and with right of survivorship." Beal Bank, 780 So. 2d at 59.  The creditor must prove by a preponderance of the evidence that a tenancy by the entireties was not created.  Id.

An express statement signed by a depositor that a tenancy by the entireties is not intended, coupled with an express designation of another form of legal ownership, constitutes an express disclaimer than a tenancy by the entireties was not created.  Id. at 60.  An express disclaimer also arises if the financial institution provides the account holders with the option to

select a tenancy by the entireties, among other options, on the account card, and the account holders select a joint tenancy with a right of survivorship or a tenancy in common. Id. However, because a tenancy by the entireties is "essentially a joint tenancy, modified by the common-law doctrine that the husband and wife are one person," a statement on a signature card that an account titled in the name of a husband and wife is held as a joint tenancy with a right of survivorship does not, standing alone, constitute an express disclaimer that a tenancy by the entireties was not created. Id. (quoting First Nat'l Bank v. Hector Supply Co., 254 So. 2d 777, 780 (Fla. 1971)).

The Roarks clearly did not expressly disclaim a tenancy by the entireties form of ownership in the Vystar Account. First, they did not sign a statement indicating that they did not intend to create a tenancy by the entireties. Second, the signature card did not provide the Roarks with the option to select a tenancy by the entireties, among other options. Finally, while the Membership Agreement provided that any joint account would include a right of survivorship, it did not specify that a joint account between a married couple would constitute a joint tenancy with a right of survivorship as opposed to a tenancy by the entireties.[1] Even if it had, however, that alone would not have constituted an express disclaimer. Additionally, the required remaining unities of possession, interest, title, and time are present. The Roarks have joint ownership and control over the Vystar Account, their interests are identical, and their interests simultaneously originated in the same instrument.

---

[1] As the Debtor's attorney pointed out, there seemed to be confusion on National Judgment's part as to the survivorship element. As the right of survivorship is an element of both a joint tenancy and a tenancy by the entirety, the presence of the right of survivorship does not foreclose a tenancy by the entirety.

## Conclusion

Because the Roarks did not expressly disclaim a tenancy by the entireties form of ownership in the Vystar Account, and the account was established in accordance with the unities of possession, interest, title, and time and with right of survivorship, a presumption arises that the Account is held as a tenancy by the entireties. National Judgment failed to rebut the presumption. Accordingly, the Court will enter a separate order overruling the Objection to Exemptions.

Attorney Scott W. Spradley is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this Order.